MORGAN, LEWIS & BOCKIUS LLP
Melinda S. Riechert, Bar No. 65504
melinda.riechert@morganlewis.com
Claire M. Lesikar, Bar No. 311189
claire.lesikar@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
OATH HOLDINGS INC., formerly known as
YAHOO HOLDINGS, INC., successor in interest, in
part, to liabilities of YAHOO! INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT ARD, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>YAHOO! INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 16-CV-05635-NC<br><br>**ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 16-CV-05635-NC

ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

For its Answer to Plaintiff Scott Ard's Third Amended Complaint ("Complaint"), Defendant Oath Holdings Inc., formerly known as Yahoo Holdings, Inc., successor in interest, in part, to liabilities of Yahoo! Inc. ("Defendant"), by and through undersigned counsel, admits, denies, and affirmatively alleges as follows:

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in the first sentence of Paragraph 2 of the Complaint. Plaintiff admits the allegations contained in the second sentence of Paragraph 1 to the extent that "Defendant Yahoo" refers to the company known at the time as "Yahoo! Inc."

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Oath Holdings Inc. is the entity formerly known as Yahoo Holdings, Inc., successor in interest, in part, to liabilities of Yahoo! Inc. Defendant admits that, at the time of the events alleged below, the company known at the time as Yahoo! Inc. was incorporated in Delaware with its principal office in Santa Clara County, State of California, and was a citizen of the States of California and Delaware. Defendant admits that at the time of the events alleged below, the company known at the time as Yahoo! Inc. was qualified to do business in California and conducted business in California with more than ten thousand employees in offices and facilities throughout the state and globally, including its chief executive officer in Santa Clara County, California. If not specifically admitted, Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff received an offer letter dated September 6, 2011 containing, in addition to other language, the language quoted in Paragraph 5 of the Complaint. Defendant, however, denies each and every remaining allegation in Paragraph 5 of the Complaint, including but not limited to Plaintiff's characterizations of the offer letter statements.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the last two sentences of Paragraph 7 of the Complaint. Defendant lacks sufficient information or belief as to whether Plaintiff filed a patent application in the fourth quarter of 2014 and, on this basis, denies the allegations. If not specifically admitted, Defendant denies the remaining allegations contained in Paragraph 7 are denied.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

### DEFENSE TO FIRST CAUSE OF ACTION
### Gender-Based Discrimination in Violation of the FEHA
### By Defendant Yahoo

10. Defendant incorporates by reference and realleges its responses to the allegations contained in Paragraphs 1-9 above as if fully set forth herein.

11. Defendant admits that Plaintiff emailed his resume to Susan Kittenplan and expressed interest in the role of Autos Digital Magazine Editor in Chief.  Defendant admits that Yahoo did not hire Plaintiff for the role of Autos Digital Magazine Editor in Chief.  Defendant admits that Yahoo hired a woman for the role of Autos Digital Magazine Editor in Chief.  If not specifically admitted, Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that Yahoo hired Sharon Silke Carty to the position of Autos Digital Magazine Editor in Chief.  If not specifically admitted, Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

### DEFENSE TO FIRST CAUSE OF ACTION
### Gender-Based Discrimination in Violation of the Title VII
### By Defendant Yahoo

20. Defendant incorporates by reference and realleges its responses to the allegations contained in Paragraphs 1-19 above as if fully set forth herein.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant also asserts the following separate and distinct affirmative defenses, without admitting any obligations regarding their burden of proof, and prays for judgment as set forth below:

### FIRST DEFENSE
### (Legitimate Business Purpose)

Plaintiff's claims are barred, in whole or in part, because Yahoo's decision not to hire Plaintiff as the Autos Digital Magazine Editor in Chief was made by Yahoo solely for legitimate business reasons.

### SECOND DEFENSE
### (Exceeds Scope of Administrative Charge)

Plaintiff's claims brought under the California Fair Employment and Housing Act and Title VII are barred to the extent that Plaintiff's allegations exceed the scope of the complaints Plaintiff filed with the Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.

### THIRD DEFENSE
### (Mixed Motive)

To the extent that discrimination was a motivating factor in Yahoo's decision not to hire Plaintiff as the Autos Digital Magazine Editor in Chief, Yahoo alleges that legitimate reasons, standing alone, would have induced Yahoo to make the same employment decisions.

### FOURTH DEFENSE
### (Failure to Mitigate)

Defendant alleges that Plaintiff failed to reasonably mitigate his damages.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3    Case No. 16-CV-05635-NC
ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

WHEREFORE, Defendant prays for judgment that:

1. Plaintiff take nothing against Defendant by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3. The Court grant such other and further relief as the Court may deem just and proper.

Dated: January 12, 2018                    MORGAN, LEWIS & BOCKIUS LLP

By  */s/Claire M. Lesikar*
Melinda S. Riechert
Claire M. Lesikar
Attorneys for Defendant
OATH HOLDINGS INC., formerly known as YAHOO HOLDINGS, INC., successor in interest, in part, to liabilities of YAHOO! INC.

DB2/ 32525533.4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4                              Case No. 16-CV-05635-NC
ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF